UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-02247-SVW-MAA                          Date:  November 5, 2020

Title:  Sean Jones v. T. Jury et al.

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**          **Order re: Filing of Petition**

On September 29, 2020, Petitioner Sean Jones ("Petitioner"), a federal inmate currently incarcerated at United States Penitentiary-Victorville, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition") in the United States District Court for the Southern District of New York.  (Pet., ECF No. 1.)  The Petition was transferred to this Court on October 19, 2020.  (ECF No. 2.)

Petitioner raises several claims stemming from an incident on June 8, 2020 when Petitioner allegedly suffered a severe fall while walking up the stairs on his way back to his cell after showering.  (Pet. 3–4.)  He alleges that prison guards mistreated him and falsified disciplinary charges, challenges his conditions of confinement and denial of medical treatment, and seeks $500,000 in damages.  (*Id.* at 3–8.)

Petitioner recently filed another 2241 Petition in this Court that raises largely identical claims.  *See* Pet., *Jones v. Jury*, No. 2:20-cv-08771-SVW-MAA ("*Jones I*") (filed Sept. 23, 2020), ECF No. 1.  However, the Petition raises a new claim against K. Dorsey, "the mental health lady," alleging that Dorsey suggested Petitioner intentionally hurt himself, and that Petitioner was denied mental health treatment.  (Pet. 2, 8.)  Further, the *Jones I* Petition contains allegations regarding Petitioner's disciplinary charges and his conditions of confinement in the Special Housing Unit are not included in the instant Petition.  (*Jones I* Pet. 5–6.)  Accordingly, the Court cannot treat the instant Petition as duplicative or construe it as an amended petition in *Jones I*.

The Petition suffers from certain procedural defects that must be resolved before Petitioner may proceed with this action.  These defects are listed below.  The Court **ORDERS** Petitioner to respond to the following issues by no later than **December 7, 2020**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-02247-SVW-MAA                              Date:  November 5, 2020

Title:  Sean Jones v. T. Jury et al.

**Lack of Habeas Jurisdiction**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See also* Habeas Rule 1(b) (applying the Habeas Rules to habeas actions brought pursuant to Section 2241).

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement.  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (concluding that challenges to "the manner in which [a] sentence was executed," or to "the fact or duration of . . . confinement," are properly brought in habeas petitions pursuant to Section 2241).  A habeas corpus petition brought pursuant to Section 2241 is the proper vehicle for a federal inmate's challenge to the manner, location, or conditions of a sentence's execution.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  To the extent a federal inmate challenges his conditions of confinement, or to the extent the inmate seeks damages or injunctive relief for civil rights violations, the inmate's claims are properly brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Tucker*, 925 F.2d at 332.

In this case, Petitioner appears to challenge only his conditions of confinement and alleged misconduct by correctional officers.  (*See* Pet. 3–8.)  Although he alleges that he faced falsified disciplinary charges, he does not explain what effect, if any, these charges have had on the duration of his confinement (for example, by alleging a loss of good time credits).  (*See id.* at 6–7.)  Petitioner seeks $500,000 in damages and does not request any relief relating to his release from confinement. (*See id.* at 7.)

The Court generally has discretion to construe a habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-02247-SVW-MAA                              Date:  November 5, 2020

Title:    Sean Jones v. T. Jury et al.

*stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, it is not clear that such
recharacterization would be appropriate in this case.

*First*, Petitioner has not authorized the $350 filing fee for a civil rights case to be deducted
from his prison trust account pursuant to 28 U.S.C. § 1915(b).  Instead, Petitioner requested that the
$5 filing fee for a habeas action be withdrawn from his account.  (Pet. 8.)  The Court cannot presume
that Petitioner would continue to pursue this action if he knew he ultimately would be obliged to pay
the $350 filing fee regardless of the outcome of his case.

*Second*, the Court would be obligated to screen the converted Petition under 28 U.S.C.
§ 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim on which
relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
If the converted Petition ultimately were to be dismissed on the basis that it is frivolous, malicious,
or fails to state a claim, that dismissal would count as a "strike" against Petitioner with respect to 28
U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or
appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of
serious physical injury."

*Third*, it is not in the interest of judicial economy to convert the Petition to a federal civil
rights complaint because the case would require additional court resources to deal with the issues
created by the different filing fees, the absence of information called for by the civil rights complaint
form utilized in this district, and the potential service issues relative to individuals whose conduct
may be in issue.

Accordingly, it appears that summary dismissal is appropriate.  However, out of
consideration for Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to
respond before issuing a recommendation that the Petition be summarily dismissed.

The Court **ORDERS** Petitioner to respond in writing by no later than **December 7, 2020**.
Petitioner's response may take any of the following forms: (1) an Amended Petition raising claims
that challenge Petitioner's conviction and sentence; (2) a memorandum explaining why Petitioner's
current claims entitle him to habeas relief; or (3) a civil rights complaint stating Petitioner's claims,
and a new request to proceed *in forma pauperis* that includes Petitioner's inmate trust account
statements and authorization to deduct the $350 filing fee for civil rights actions.  The Clerk is
directed to attach the following forms, which Petitioner must use if he chooses to exercise the third

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-02247-SVW-MAA                          Date:  November 5, 2020

Title:    Sean Jones v. T. Jury et al.

option: (1) Form CV-66 ("Civil Rights Complaint") and (2) Form CV-60P ("Request to Proceed In Forma Pauperis with Declaration in Support").

Instead of filing a response to this Order, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

In the event Petitioner opts to dismiss this action, he may amend his 2241 petition or civil rights complaint in *Jones I* to include the additional claims raised in this action.  Alternatively, Petitioner may opt to dismiss the *Jones I* action and include all allegations and claims he wishes to pursue in an amended 2241 petition or civil rights complaint in this action.

**Petitioner expressly is cautioned that failure to respond to this Order by December 7, 2020 will result in a recommendation that the Petition be summarily dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

**<u>Personal Jurisdiction</u>**

The proper respondent to a habeas action challenging present physical confinement is "the warden of the facility where the prisoner is being held."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Where the improper respondent is named in a Section 2241 petition, the Court lacks personal jurisdiction over the action and may dismiss the action.  *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

Petitioner named Lt. T. Jury, K. Dorsey, S.I.S. Valli, and C.O. J. Cervantes as the respondents to his Petition.  (Pet. 1–2.)  Lt. T. Jury, K. Dorsey, S.I.S. Valli, and C.O. J. Cervantes are not the proper respondents to this action.  In the event that Petitioner wishes to proceed in habeas, Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of United States Penitentiary-Victorville, the institution in which Petitioner is incarcerated—by no later than **December 7, 2020**.  Failure to do so will result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-02247-SVW-MAA                        Date:  November 5, 2020

Title:    Sean Jones v. T. Jury et al.

      **Petitioner expressly is cautioned that failure to respond to this Order by December 7, 2020 will result in a recommendation that the Petition be dismissed without prejudice for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

      It is so ordered.

**<u>Petitioner Did Not Use Form CV-27</u>**

      The Petition does not appear on Form CV-27, the standard form for Section 2241 petitions approved and supplied by the Central District of California for habeas petitions filed by federal inmates in this Court.  Pursuant to Habeas Rules 1(b) and 2(d) and Central District of California Local Civil Rule 83-16.1, a habeas petition filed in this district must substantially follow the standard form for federal habeas cases approved and supplied by the Court.  The information required by Form CV-27 is critical so that the Court can meet its duty under Rule 4 of the Habeas Rules to ascertain whether the procedural requirements for a habeas action have been met.

      In the event that Petitioner wishes to proceed in habeas, Petitioner is **ORDERED** to file, by no later than **December 7, 2020**, an amended petition that incorporates a completed Form CV-27, which is attached to this Order.

      **Petitioner expressly is cautioned that failure to respond to this Order by December 7, 2020 will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

      It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

Form CV-27 (Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241))

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-02247-SVW-MAA                              Date:  November 5, 2020

Title:    Sean Jones v. T. Jury et al.

Form CV-60P (Request to Proceed without Prepayment of Filing Fees with Declaration in Support)

Form CV-66 (Civil Rights Complaint)