1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  | SEAN JONES,

Case No. 5:20-cv-02247-SVW-MAA

12  | Petitioner,

**ORDER DISMISSING PETITION
AND DISMISSING ACTION
WITHOUT PREJUDICE**

13  | v.

14  | T. JURY, et al.,

15  | Respondents.

16
17
18  **I.  INTRODUCTION AND BACKGROUND**

19        On September 29, 2020, Petitioner Sean Jones ("Petitioner"), a federal

20  inmate currently incarcerated at United States Penitentiary-Victorville, filed a *pro*

21  *se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241")

22  ("Petition") in the United States District Court for the Southern District of New

23  York.  (Pet., ECF No. 1.)  The Petition was transferred to this Court on October 19,

24  2020.  (ECF No. 2.)

25        Petitioner raises several claims stemming from an incident on June 8, 2020

26  when Petitioner allegedly suffered a severe fall while walking up the stairs on his

27
28

way back to his cell after showering.  (Pet. 3–4.[1])  He alleges that prison guards mistreated him and falsified disciplinary charges, challenges his conditions of confinement and denial of medical treatment, and seeks $500,000 in damages.[2]  (*Id.* at 3–8.)

On November 5, 2020, the Court issued an order identifying several defects with the Petition:  (1) Petitioner appeared to challenge only his conditions of confinement rather than raising claims for federal habeas relief; (2) Petitioner failed to name the warden of his facility as Respondent, as required for personal jurisdiction over a Section 2241 petition; and (3) Petitioner did not use Form CV-27, the required form for Section 2241 petitions filed in this District ("November 5 Order").  (Nov. 5, 2020 Or., ECF No. 5.)  The Court ordered Petitioner to file a response by December 7, 2020 and warned that failure to do so would result in a recommendation that the Petition be dismissed.  (*Id.* at 4, 5.)

On February 1, 2021, the Court issued an Order to Show Cause ("February 1 OSC") directing Petitioner to show cause why the Petition should not be summarily dismissed for failure to prosecute and failure to comply with a court order.  (Feb. 1, 2021 OSC, ECF No. 6.)  The Court cautioned Petitioner that his failure to respond to the OSC by March 3, 2021 would result in a recommendation that the Petition be dismissed.  (*Id.* at 2.)

To date, Petitioner has not responded to the Court's November 5 Order or its February 1 OSC.  Indeed, Petitioner has not communicated with the Court since his Petition was transferred here on October 19, 2020.

---

[1] Pinpoint citations of filings in this Order refer to the page numbers appearing in the ECF-generated headers.

[2] On September 23, 2020, Petitioner filed another 2241 petition in this Court that raised largely identical claims.  *See* Pet., *Jones v. Jury*, No. 2:20-cv-08771-SVW-MAA ("*Jones I*") (filed Sept. 23, 2020), ECF No. 1.  On February 12, 2021, that petition was dismissed for failure to prosecute and to comply with court orders. Or., *Jones I* (filed Feb. 12, 2021), ECF No. 5; J., *Jones I* (filed Feb. 12, 2021), ECF No. 6.

1  **II.    ANALYSIS**

2         **A.    Legal Standard**

3         District courts may dismiss cases *sua sponte* for failure to prosecute or for

4  failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

5  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005);

6  *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal

7  district courts have "inherent power" to dismiss cases *sua sponte* for lack of

8  prosecution).  Dismissal, however, "is a harsh penalty and is to be imposed only in

9  extreme circumstances."  *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA)*

10 *Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S.*

11 *Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  "A Rule 41(b) dismissal must be

12 supported by a showing of unreasonable delay."  *Omstead v. Dell*, 594 F.3d 1081,

13 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

14 1986)) (internal quotation marks omitted).

15        Before dismissing an action for failure to prosecute or for failure to comply

16 with a court order, a district court must weigh five factors:  "(1) the public's interest

17 in expeditious resolution of litigation; (2) the court's need to manage its docket;

18 (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic

19 alternatives; and (5) the public policy favoring disposition of cases on their merits."

20 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  The Ninth Circuit will

21 "affirm a dismissal where at least four factors support dismissal, or where at least

22 three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779,

23 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.

24 1999)).

25 ///

26 ///

27 ///

28 ///

**B.**     **The Factors Support Dismissal.**

1.     <u>The Public's Interest in Expeditious Resolution and the Court's
Need to Manage its Docket</u>

The first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—generally are considered together.  *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

Here, these factors weigh in favor of dismissal.  "Orderly and expeditious resolution of disputes is of great importance to the rule of law."  *Prods. Liab. Litig.*, 460 F.3d at 1227.  Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990).  In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest."  *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed a response to the Court's November 5 Order or its February 1 OSC.  The Court concludes that Petitioner's failure to comply with these Court orders and failure to prosecute the lawsuit constitute unreasonable delay.  *See Thomas v. Maricopa Cnty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (Mem.) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months).  Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket.  *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because

it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action, even in cases such as this in which the respondent has not yet been ordered to respond to a habeas corpus petition. *See Pagtalunan*, 291 F.3d at 642. Petitioner has offered no reason for failing to file a response to the Court's November 5 Order and its February 1 OSC. Indeed, Petitioner has not communicated with the Court at all since his Petition was transferred here on October 19, 2020. The absence of any reason for Petitioner's failure to respond indicates sufficient prejudice to Respondent. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Here, rather than dismissing the Petition when Petitioner failed to respond to the November 5 Order, the Court

1  issued the February 1 OSC, cautioning Petitioner that the Petition would be

2  dismissed if he did not respond by March 3, 2021.  (Feb. 1, 2021 OSC at 2.)  To

3  date, Petitioner has failed to file a response.

4

5              4.  Public Policy Favoring Disposition of Cases on Their Merits

6          The fifth factor weighs against dismissal.  "We have often said that the

7  public policy favoring disposition of cases on their merits strongly counsels

8  against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138

9  F.3d at 399).  On the other hand, "this factor 'lends little support' to a party whose

10 responsibility it is to move a case toward disposition on the merits but whose

11 conduct impedes progress in that direction." *Id.*  (citations omitted).  Thus, this

12 factor alone does not preclude dismissal.

13

14 **C.    Dismissal of this Action is Appropriate.**

15         As discussed above, Petitioner's failure to comply with Court orders and

16 failure to prosecute this action constitute unreasonable delay.  In addition, four of the

17 dismissal factors weigh in favor of dismissal, whereas only one factor weighs

18 against dismissal.  "While the public policy favoring disposition of cases on their

19 merits weighs against [dismissal], that single factor is not enough to preclude

20 imposition of this sanction when the other four factors weigh in its favor." *Rio*

21 *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

22         The Court concludes that dismissal of this action for failure to comply with

23 Court orders and failure to prosecute is warranted.  However, consistent with Rule

24 41(b) and this Court's exercise of its discretion, the dismissal should be without

25 prejudice.

26 ///

27 ///

28 ///

6

III.   **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that (1) the Petition is **DISMISSED** for failure to comply with a court order and failure to prosecute, and (2) the Clerk is directed to enter judgment dismissing this action without prejudice.

DATED:   April 13, 2021

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE